IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01871-PAB-MEH

MARTA SANCHEZ,
THE ESTATE OF STEPHANIE LOPEZ, and
DOMINIC MARTINEZ,

    Plaintiffs,

v.

CITY OF LITTLETON,
DOUG STEPHENS,
ANTHONY GUZMAN,
LUKE MCGRATH,
JOSEPH CARNS,
CITY OF ENGLEWOOD,
JOHN COLLINS, and
BRIAN MARTINEZ

    Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the Defendants' opposed Joint Motion to Stay Discovery [filed January 31, 2020; ECF 64]. The Court finds that no further briefing is necessary. For the reasons that follow, Defendants' motion is granted.

**I.**    **Background**

Plaintiffs initiated this lawsuit on June 27, 2017, then filed an Amended Complaint as a matter of course on January 17, 2020 alleging that Defendants, as individuals and municipalities, violated their Fourth Amendment rights against excessive force, engaged in negligent conduct, and violated Colorado's wrongful death statute. Am. Compl., ECF 54. On January 31, 2020,

Defendants responded to the Amended Complaint by filing Answers and Partial Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  *See* ECF 60-63.  At the same time, Defendants filed the present motion, asserting they are entitled to a stay of discovery and that it serves the interests of judicial economy and the conservation of resources to stay proceedings and resolve the issue of qualified immunity at the earliest possible stage in the litigation.  *See* ECF 64.

**II.	Discussion**

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'"  *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998).  Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation.  *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the Defendants have filed motions to dismiss the constitutional claims raised in Plaintiffs' Amended Complaint alleging, among other defenses, this Court's lack of jurisdiction and that the individual-capacity Defendants enjoy qualified immunity from the Plaintiffs' claims.  The Court has broad discretion to stay proceedings as an incident to its power to control its own docket.  *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)).  Because the Defendants' Motions to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation.  *See Albright,* 51 F.3d at 1534.  Typically, the following five factors guide the Court's determination of a motion to stay:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

In weighing the factors set forth for determining the propriety of a stay, the Court finds that a temporary stay of discovery is appropriate in this case. With respect to the first two factors, the Court balances a plaintiff's desire to proceed expeditiously with the case against the burden on a defendant of going forward. Here, although the Plaintiffs apparently object to Defendants' motion, the Court notes that a brief stay to determine the pending dispositive motions, which seek dismissal of the majority of claims in this case, will not unduly prejudice the Plaintiffs at this early stage of the litigation[1]; thus, to the extent that Plaintiffs have an interest in proceeding expeditiously, the Court finds here his interest is offset by Defendants' burden and the other factors considered herein.

Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved. *See Gilbert v. Ferry*, 401 F.3d 411, 416 (6th Cir. 2005) (affirming trial court's stay of discovery pending ruling on dispositive motions raising jurisdictional issues).; *see also String Cheese Incident, LLC*, 2006 WL 894955 at *2 (imposing a temporary stay of discovery pending resolution of a motion to dismiss for lack of personal jurisdiction). On balance, the Court finds that any potential harm to Plaintiffs is outweighed by the burden on Defendants resulting from conducting and responding to discovery while the motions to dismiss are pending.

---

[1] This Court issued the Scheduling Order recently, on January 23, 2020.

Furthermore, the Court agrees that the interest of judicial economy would be advanced by temporarily staying discovery pending a decision on the motions to dismiss. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) ("the court has considerable discretion over the timing of discovery"). Consideration of the remaining *String Cheese* factors does not tip the balance in favor of either position. The Court perceives minimal effect, if any, on the interests of non-parties or the public.

Therefore, weighing the factors necessary to consider whether to grant the requested stay, the Court finds that a temporary stay of discovery is justified and will be imposed in this case. Consequently, the Court will grant the Defendants a temporary stay of discovery in this case pending the resolution of their Motions to Dismiss.

### III.   Conclusion

Accordingly, the Defendants' Joint Motion to Stay Discovery [filed January 31, 2020; ECF 64] is **granted**. Discovery in this case is temporarily stayed pending a ruling on the Defendants' Motions to Dismiss. The parties are directed to submit a status report within five days after the entry of the final order adjudicating the pending Motions to Dismiss.

Dated at Denver, Colorado, this 4th day of February, 2020.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

4